# District Court of the Navajo Nation
### Judicial District of Crownpoint, New Mexico

**Navajo Nation, Plaintiff,**
v.
**Dick Elkins, Defendant.**
**Decided August 21, 1990**

## ORDER

Judge Loretta Morris presiding.

This matter having come before the court on a civil traffic complaint and the court being notified by letter that it may not have jurisdiction; this court now addresses this matter and enters its findings and orders as follows:

1. Defendant was cited by a police officer of the Navajo Nation on January 9, 1990, for "exceeding posted speed limit" and going 73 miles per hour in a 55 miles per hour speeding zone;

2. Defendant was driving in Prewitt, New Mexico, on New Mexico State Road 122;

3. Defendant signed the traffic complaint stating that he acknowledges his guilt or responsibility of the offense charged and that he agrees to remit by mail the prescribed penalty assessment. By admitting his guilt on the traffic citation form, Defendant agreed to pay $73.50. Defendant did not pay.

4. On January 18, 1990, a letter was received from the Defendant and he states: "On the advice of Judge Rainaldi I am writing you this letter, asking that you dismiss this ticket (#83184) on the grounds of the Navajo Nation Court's non-jurisdiction, as I am non Indian."

5. Although it is not normally the function of this court to correspond with traffic violation defendants by letters, this court responded to defendant's letter by stating that "The Navajo Tribal Court has jurisdiction over Non-Indians on traffic violations since it is a civil infraction" and advising the Defendant to raise the jurisdiction issue properly by appearing in court with a legal memorandum.

6. On June 12, 1990, Defendant wrote another letter stating "On the advice of the Attorney General I am writing you this letter, asking that you dismiss this ticket (#832184) on the grounds of the Navajo Nation Court's non-jurisdiction, as I am not a member of the Navajo Tribe" and he sent a clipping of a newspaper article which is entitled *Indian Tribe Can Prosecute Members Only, Court Rules*. What the newspaper clipping is referring to is the *Duro v. Reina* ruling by the U.S. Supreme Court.

## CONCLUSIONS OF LAW

1. This court has jurisdiction pursuant to the *Navajo Nation Motor Vehicle Code*, amended in 1986, which states at section 100 that this court shall have exclusive original jurisdiction over all civil traffic infractions under Title 14 committed within the territorial jurisdiction. The jurisdiction conferred upon this court with respect to traffic infractions is civil jurisdiction. Civil jurisdiction is also conferred upon this court by 7 N.T.C. section 253(2) (1985 Supp.).

2. The territorial jurisdiction of this court extends to Navajo Indian Country and includes all lands within the exterior boundary of the Navajo Indian Reservation, Eastern Navajo Agency, and all lands within the limits of dependent Navajo communities, Navajo Indian allotments, and all other lands held in trust for, is owned by, or leased by the United States to the Navajo Tribe or any Band of Navajo Indians. 7 N.T.C. section 254 (1985 Supp.).

3. U.S. Supreme Court has decided that this court does have civil jurisdiction. *Williams v. Lee*, 358 U.S. 217, 79 S.Ct. 269, 3 L.Ed.2d 251 (1959); *Babbitt Ford v. Navajo Indian Tribe*, 710 F.2d 587 (9th Cir. 1983), *cert. denied* 466 U.S. 926, 104 S.Ct. 1707, 80 L.Ed.2d 706 (1984); *Kerr-McGee Corp. v. Navajo Tribe of Indians*, 471 U.S. 195, 105 S.Ct 1900, 85 L.Ed.2d 200 (1985).

4. By bifurcating the code on traffic violations into criminal and civil categories, the Navajo Tribal Council, as the legislative body of the Navajo Nation, intended to protect all highway travellers and the public within its jurisdiction by incarcerating some traffic violators and by causing some to pay fines only, without any incarceration.

5. This court takes notice that many highway travellers, Indians and non-Indians, share and use the major highways within the Navajo Nation.

6. No new rules of court procedures were issued with the *Navajo Nation Motor Vehicle Code* and thus, the Navajo Rules of Civil Procedures, which became effective on July 1, 1989, will be used as a guide for this court to process the complaint and to ensure that the defendant's rights are protected.

7. Navajo Rules of Civil Procedure allows for the entry of a default against an unanswering party. Rule 55, *Navajo Rules of Civil Procedure* (adopted July 1, 1989).

8. Navajo Rules of Civil Procedure allows for the entry of a default judgment only upon a party's request. Rule 55(a), *Navajo Rules of Civil Procedure* (adopted July 1, 1989).

9. *Duro v. Reina*, No. 88-6546, slip. op. (U.S. Supreme Court, May 29, 1990), was a criminal matter and the issue there was whether the Salt River Indian Tribe of Arizona had criminal jurisdiction over an Indian who is not a member. *Duro* is not applicable to this case.

10. If the statements of the Defendant are true that he got advice from Judge Rainaldi of New Mexico court and the New Mexico Attorney General, then, with all due respect to Judge Rainaldi and the Attorney General, it is not for them to decide the jurisdiction of this court.

## ORDER

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that this court has jurisdiction over the person, whether Indian or non-Indian, in traffic civil infraction cases. If the Defendant wishes to further contest the jurisdiction of this court, he shall do so by filing the appropriate motions and appear in court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the default of the Defendant is hereby entered in the amount of $73.50 and the clerk shall register said default.